IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02819-PAB-NYW

ANNA THOMAS and
PATRICIA THOMAS,

    Plaintiffs,

v.

AMERICAN FAMILY INSURANCE COMPANY,
a/k/a American Family Mutual Insurance Company,

    Defendant.

## ORDER

Entered By Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs' Motion to Amend Final Pretrial Order to Include Supplement to Expert Report ("Motion to Amend Final Pretrial Order") [#47, filed January 1, 2016], which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated February 4, 2015 [#23], the Reassignment dated February 10, 2015 [#24], and the Memorandum dated January 15, 2016. The court has reviewed the Parties' briefs, the applicable case law, and the entire case file, as well as entertaining argument during the informal discovery dispute conference held on December 21, 2015 [#39]. This court has concluded that further oral argument or a reply would not materially assist in the disposition of this issue, and therefore, pursuant to D.C.COLO.LCivR 7.1(d), this court hereby **GRANTS** Plaintiffs' Motion to Amend Final Pretrial Order for the following reasons.

## BACKGROUND

Plaintiffs Anna Thomas and Patricia Thomas ("Plaintiffs" or "the Thomases") originally initiated this action in the state District Court for El Paso County, Colorado on September 22, 2014, based on injuries allegedly arising from the denial of coverage and failure to pay insurance benefits by Defendant American Family Insurance Company ("Defendant" or "American Family"). [#3]. Plaintiffs allege that their property located at 4950 Flying W Ranch Road, Colorado Springs, Colorado 80919 (the "Property") was damaged by the Waldo Canyon Fire that occurred in June 2012. [*Id.* at ¶ 3]. The Thomases assert three claims against American Family: (1) breach of contract; (2) bad faith breach of contract; and (3) statutory bad faith for unreasonably delaying and/or denying Plaintiffs' claim for insurance coverage. [#3]. American Family removed the lawsuit from state court to this court on October 16, 2014. [#1].

The court entered a Scheduling Order in this case January 28, 2015. [#21]. The Scheduling Order set an expert witness report deadline of May 28, 2015. [*Id*. at 7]. Rebuttal reports were due on June 29, 2015. [*Id.*]. The Parties submitted a proposed Final Pretrial Order for the court's consideration on October 22, 2015 [#32], and the court held the Final Pretrial Conference on October 27, 2015 [#35]. In mid-December, 2015, the Parties contacted the court for an informal discovery conference on the issue raised by the instant motion, *i.e.*, Plaintiffs' request to amend the Final Pretrial Order to include a report issued by the National Institute of Standards and Technology entitled "A Case Study of A Community Affected by the Waldo Fire – Even Timeline and Defensive Actions" (the "NIST Report").[1] [#38]. As initially presented by Plaintiffs, it appeared that they wished to supplement their expert report out of time. [#39].

---

[1] http://nvlpubs.nist.gov/nistpubs/TechnicalNotes/NIST.TN.1910.pdf.

However, in the instant Motion to Amend the Final Pretrial Order, Plaintiffs now seek to amend the Final Pretrial Order to allow the NIST Report to be included as an exhibit in the Final Pretrial Order, but do not specifically seek to amend Plaintiffs' expert report from Ken Murphy.[2]  [#47 at 13].

## ANALYSIS

**I.   Standard of Review**

A Final Pretrial Order serves as a roadmap for the court and the Parties for an efficient and fair trial.  Rule 16(e) of the Federal Rules of Civil Procedure provides that "[t]he court may modify the [Final Pretrial Order] issued after a final pretrial conference on to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The party seeking to amend the Final Pretrial Order bears the burden of demonstrating that manifest injustice would occur if such amendment was not permitted.  *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (*citing Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)).  To determine whether manifest injustice would occur, the court considers the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch*, 203 F.3d at 1222 n.10.  The determination of manifest injustice lies within the sound discretion of the court, which should be exercised in a manner that permits full and fair litigation

---

[2] Plaintiffs do argue that "the Report's facts and data buttress the formation of Mr. Murphy, and Mr. Murphy can better support and explain his opinions at trial through using the Report." [#47 at 1].  However, Plaintiffs neither address the legal standard for supplementing Mr. Murphy's expert report, nor specifically request to leave to serve a supplemental expert report.  [#47]. Accordingly, this Order should not be construed as leave of court permitting any supplementation of Mr. Murphy's expert report.

of the claims. *See Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998); *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. 2004).

## II.     Application

Plaintiffs contend that adding the NIST Report does not prejudice Defendants because (1) the NIST Report does not change any of Mr. Murphy's opinions, but rather includes additional facts and data that support his opinions; (2) Plaintiffs have offered to permit a further deposition of Mr. Murphy regarding his supplemented report, so long as Defendant likewise makes it primary expert witness available for deposition; (3) Plaintiffs were diligent in disclosing and providing a copy of the Report to Defendant soon after it was published online; and (4) whether or not the NIST Report is admissible is not a consideration for whether or not the Final Pretrial Order should be amended to allow for its inclusion. [#47]. American Family argues that Plaintiffs have failed to carry their burden to show manifest injustice, and that the proposed NIST Report is not material evidence in this matter because it does not specifically address Plaintiffs' home. [#52]. Defendant further contends that the NIST Report's probative value is outweighed by its prejudicial effect and therefore, should be excluded under Rule 403 of the Federal Rules of Evidence. [*Id.* at 3]. American Family also argues that Mr. Murphy is not qualified to render an opinion regarding the fire investigation or causation, and may not rely upon the NIST Report to compensate for his lack of qualifications. [*Id.*]. Finally, Defendant also argues that it will be prejudiced by the amendment because if the "Report is allowed, Defendant will be forced to wait for additional expert reports from Murphy, depose Murphy regarding his review of the voluminous report, as well as pay its expert costs associated with additional rebuttal reports and deposition fees." [*Id.* at 4].

In weighing the *Koch* factors, this court finds that the Final Pretrial Order should be amended to include the NIST Report. As an initial matter, there is no dispute that the NIST Report is dated November 2015, after the date of the Final Pretrial Conference held on October 27, 2015. *See supra*, n.1. Therefore, it would have been impossible for Plaintiffs to include such report in the exhibit list for the Final Pretrial Order when it was entered by the court, and there is no argument by Defendant that this motion has been brought in bad faith. Plaintiffs represent, and the court accepts for the purposes of deciding this instant motion, that the NIST Report will not change any of Mr. Murphy's previously stated opinions. [#47]. In addition, Defendant does not specifically identify any way that Mr. Murphy's opinions will be altered. And while Defendant is correct that to the extent it chooses to take a further deposition of Mr. Murphy or seek to amend its own expert report to account for the NIST Report, there will be additional expense, there can be no prejudice or surprise to Defendant, and no need to cure, if Plaintiffs are accurately stating that Mr. Murphy's opinions are not changed by the NIST Report. *See e.g.*, *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2012 WL 1275991, at *2 (D. Colo. Apr. 16, 2012). Therefore, this court finds that based on the record before it, there is no "inclusion of a new issue" that should warrant additional discovery.[3]

Instead, Defendant's arguments focus on the admissibility of both Mr. Murphy's opinions and the NIST Report. [#52 at 3]. This court agrees with Plaintiffs that the inclusion of the NIST Report as a potential exhibit in the Final Pretrial Order does not mean that it is admissible. [#47 at 9-10]. *See General Steel*, 2012 WL 1275991, at *4. Nor is this instant motion the proper

---

[3] This court does not have the parties' expert reports before it, and Plaintiffs do not precisely describe how they intend to use the NIST Report. Accordingly, the court cannot independently assess whether the use of the NIST Report would amount to the "inclusion of a new issue," but rather, accepts Plaintiffs' representation that it does not.

vehicle for Plaintiff to supplement any expert opinion of Mr. Murphy, Fed. R. Civ. P. 26(e), or for Defendant to seek to exclude any opinion by Mr. Murphy. *See* Philip A. Brimmer, Practice Standards (Civil Cases), Section III.G (Motions to Exclude Expert Testimony). In reaching its conclusion to permit the amendment of the Final Pretrial Order, this court does not pass on the admissibility of either the NIST Report or Mr. Murphy's opinions, as those are issues more properly addressed by the Honorable Philip A. Brimmer, as the presiding judge.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that Plaintiffs' Motion to Amend Final Pretrial Order to Include Supplement to Expert Report [#47] is **GRANTED**.

DATED: February 16, 2016                BY THE COURT:

                                        s/ Nina Y. Wang
                                        United States Magistrate Judge