IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02819-PAB-NYW

ANNA THOMAS and
PATRICIA THOMAS,

 Plaintiffs,

v.

AMERICAN FAMILY INSURANCE GROUP, a/k/a American Family Mutual Insurance Company,

 Defendant.

_____

**ORDER**
_____

  This matter is before the Court on the Verified Statement of Attorneys' Lein [sic] and Motion for Judgment Thereon filed by Evan R. Wolfe, P.A. ("Wolfe") [Docket No. 83]. The Court's jurisdiction is based on 28 U.S.C. § 1332.

  The parties filed a Notice of Settlement [Docket No. 75] on April 7, 2016. On May 9, 2016, Wolfe filed the present motion. Docket No. 83.[1]

  An attorney's lien attaches only "to the extent of the attorney's reasonable fees remaining due and unpaid." *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d 1192, 1193 (Colo. App. 2006). "[T]he burden of proof is upon the attorney who claims a lien for services to show that he or she comes within" Colo. Rev. Stat. § 12-5-119. *In re Marriage of Mitchell*, 55 P.3d 183, 185 (Colo. App. 2002). The Court's role is to

---

[1] On May 12, 2016, plaintiffs' counsel, Maceau Law, LLC, filed an objection, but it was stricken for failing to comply with D.C.COLO.LCivR 10.1(e) and was not refiled. Docket Nos. 85, 87.

determine "whether the amount asserted as a lien is proper and what means should be used for enforcement of the lien." *In re Marriage of Shapard*, 129 P.3d 1007, 1009 (Colo. App. 2004) (citing *Gee v. Crabtree*, 560 P.2d 835, 836 (Colo. 1977)). The Court cannot determine whether the amount asserted is proper absent an evidentiary basis. *See Davis v. Kutak Rock, LLP*, No. 09-cv-02768-REB-MJW, 2012 WL 975836 at *3 (D. Colo. Mar. 22, 2012) (finding that "[t]he current record does not contain information sufficient for the court to determine the amount of reasonable attorney fees tied to [the attorney's] lien" and ordering the attorney "to file with the court a motion seeking a specific amount of reasonable attorney fees"). To ensure that attorneys seeking fees substantiate their requests, the local rules provide that "a motion for attorney fees shall be supported by affidavit" and "shall include . . . (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.Colo.LCivR 54.3.

Wolfe's motion does not purport to be a notice of attorney lien pursuant to Colo. Rev. Stat. § 12-5-119. Instead, the motion simply requests the Court enter judgment in Wolfe's favor, order that all settlement checks "include the name of Evan R. Wolfe, P.A.," and order that a copy of such checks be sent to Wolfe. Docket No. 83 at 1-2; Docket No. 83-1. The only evidence offered is an attached email. The email appears to have been sent by plaintiffs' counsel, Maceau Law, LLC, offering to split its fee with Wolfe. Docket No. 83-1. Wolfe represents that it performed a "substantial amount of work . . . representing the Clients in this matter," but does not provide anything more specific regarding the services rendered or the attorney's qualifications. Docket No. 83

at 1.  Nor does Wolfe make any specific request for an amount of fees.  *Id*. at 2.

Absent any documentation of Wolfe's efforts and qualifications as well as a specific request for fees, the Court is unable to determine "the extent," if any, "of the attorney's reasonable fees remaining due and unpaid."  *See Gold*, 143 P.3d at 1193; *see also* D.C.Colo.LCivR 54.3.

Accordingly, it is **ORDERED** that the Verified Statement of Attorneys' Lein [sic] and Motion for Judgment Thereon [Docket No. 83] is **DENIED**.

DATED December 22, 2016.

                                 BY THE COURT:

                                 s/Philip A. Brimmer
                                 PHILIP A. BRIMMER
                                 United States District Judge